*247 The complainant Roger Smith, administrator of the. goods and chattels, rights and credits, which were of Charles Motto, deceased, shews, that Jacob Motte, the ihtbor of the said Charles Motte, being seized and possess *248 ed of a real and personal estate, made his last will and testament in writing, bearing date the 2d day of October, 1767, wherein, after several specific and pecuniary lega. cies, he directed that his executors should sell and dispose of all his estate not specifically devised and bequeathed, ;m(| the monies which should arise therefrom, as well as the monies duo to him on bond, note, or account, into cicvcn shares, one eleventh share of which monies he gave and bequeathed to his said son Charles Motte, his executors, administrators, and assigns; and of his said v.’iil nominated John Huger, Jacob Motte, and several other persons executors — -That the said testator died in 17-70, leaving his said will of full force — That after the death of the said testator, Jacob Motte and John Huger duly ProTCd the said will, qualified as executors on the same, and took on themselves the execution and bur-('CH thereof — That the said Jacob Mottc, the executor, from time to time became security for the said Charles Motte, and occasionally paid money to.and for him, but ilc never came to a final settlement with the said Charles, nor had he any express authority from the said Charles c'iarSc the money wdiich he paid to him and for him, and the securityships which he entered into for him, (some of which he has been obliged to pay, and some of wdiich lie will be eventually obliged to pay,) to the particular account of the legacy wdiich the said Charles was entitled to under the will of his said father. Your orator further shews, that the said Charles Motte was killed before the lines of Savannah, in the month of October, 1779, and that your said orator has administered on the estate— That Jacob Motte, one of the executors of the said Charles Motto’s father, departed this life in the year 1780, and that the final settlement of the affairs of the said estate have devolved on John Huger, the only acting executor of the said Jacob Motte the elder — That in consequence thereof, your orator, as the administrator of the said Charles Motte, has requested him to come to a settle-jaent of all the accounts of the estate of the said Jacob Motte, and to pay over to him wdiat on a fair settlement shall appear to be due — -That the said John Huger is very *249 willing to comply with his request in part, but insists (as he is directed by the representatives of Jacob Motte, the brother of the said Charles,) that the monies which the said Jacob Motte lias paid to and for the said Charles, and the monies which he was liable, and his representatives are liable to pay on the account of the said Charles Motte, should be deducted, alleging that the said Jacob Motte paid the said monies and became such security on the credit of the funds which were in his hands and under his controul, and of which the court would not have divested him had he been living, until those respective claims now set up as discount, were allowed. But your orator conceives as the said Charles Motte"3 estate, is not sufficient to discharge his debts, the said discount should not be allowed unless by the direction of this honorable court. To the end therefore that the said John Huger may be compelled to come to a settlement with your orator and pay over to him or otherwise satisfy him for any balance which may be due, your complainant prays your honors to grant him such relief as he may he justly entitled to.
The defendant in his answer admits the facts charged, and that he has been called upon as executor of Jacob Motte, Sen. to come to a settlement of the affairs of the said estate and to pay over or otherwise satisfactorily satisfy him for such balance as may he due to him as the administrator of the said Charles Motte; but it was in his opinion impossible to do it without the intervention and opinion of this honorable court inasmuch as he well knows that the late Jacob Motte the brother of the said Charles Molte did pay to and for him and became his security to divers people to a considerable amount; all which sums the representatives of the said Jacob Motte insist should be deducted out of the share to which the said Charles was entitled; the mofe especially as they allege and so this defendant believes the truth to be, that the said Charles Motto’s estate will not bo sufficient to discharge his debts, and without they are allowed to re - tain they will be considerable loosers. This defendant therefore submits the cause to the consideration of this *250 honorable court, being ready and willing to do whatever to them shall appear to be right and just.
Decree.
This case coming on to be heard, the court decreed that the defendant has a right to retain in his hands as much as will be sufficient to indemnify his co-executor Jacob Motte for all sums he stood engaged for on account of Charles Motte, out of the legacy left him by his father; and that he be also allowed such sums as he has actually paid on account of said legacy.